# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN REDMAN, | Case No. 2:12-cv-01516-APG-NJK |
| Plaintiff(s), | **ORDER** |
| vs. | |
| D.K. JENNINGS, et al., | (Docket No. 77) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for issuance of an order to show cause. Docket No. 77. Defendants filed a response. Docket No. 79. No reply was filed. Plaintiff's motion is premised on his assertions that the Deputy Attorney General assigned to this case has been untruthful to the Court and has not provided discovery responses. *See* Docket No. 77 at 2. Plaintiff seeks an order requiring Defendants' counsel to stop lying to the Court and to comply with her clients' discovery obligations. In response, Defendants' counsel acknowledges an internal calendaring error leading to discovery going without response and a related misrepresentation to the Court. *See* Docket No. 79 at 2. Defendants' counsel further asserts that she is attempting to rectify the discovery situation to provide Plaintiff with the requested information. *See id.* at 3.

The Court reminds Defendants' counsel that she has an obligation to conduct a reasonable inquiry into the representations made to the Court. *See* Fed. R. Civ. P. 11(b); *Jones v. Zimmer*, 2014 WL 6772916, *13-14 (D. Nev. Dec. 2, 2014). The Court further reminds counsel that she has a duty to engage in discovery in good faith, *e.g., Jones*, 2014 WL 6772916 (quoting *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d

1242, 1247 (9th Cir. 1981)), and to properly track and calendar discovery requests so that responses are timely provided. Suffice it to say, the Court expects candor from all counsel and litigants, as well as diligence in engaging in the discovery process.[1]

To the extent Plaintiff seeks an order beyond that provided herein, it is DENIED.

IT IS SO ORDERED.

Dated: May 4, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' response acknowledges that a failure to timely respond to requests for admissions generally results in the requests being deemed admitted. *See* Docket No. 79 at 3. Defendants further argue that the requests not be deemed admitted in this case. *See id.* The consequences of any failure to timely respond to requests for admission is not properly before the Court at this time, and the Court herein expresses no opinion on that issue.

2