UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN D. REDMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>        Defendants. | Case No. 2:12-CV-01516-APG-NJK<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION AND (2) REFERRING CASE TO THE PRO BONO PROGRAM**<br><br>(Dkt. #78) |

        On March 6, 2015, Magistrate Judge Koppe denied plaintiff John Redman's motion to appoint counsel. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Whether to appoint counsel lies within the court's discretion. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist to support appointing counsel, the Court evaluates "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

        Judge Koppe denied Redman's motion for appointment of counsel because Redman failed to show exceptional circumstances warranting appointed counsel. (Dkt. #74.) Additionally, Judge Koppe determined that Redman had not shown the law library at Lovelock Correctional Center is so deficient as to entitle Redman to appointed counsel. (*Id.*)

        Judge Koppe's decision to deny appointment of counsel was neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A). She identified and applied the correct legal standard. Redman has a single claim for deliberate indifference to his medical needs when the defendants denied him medical care for back pain for over 100 days. (Dkt. #35.) He has demonstrated an ability to articulate his claims, and the legal issues are not complex.

Judge Koppe's second ruling, that appointment of counsel was not warranted based on the alleged inadequacy of the paging system for legal materials at Lovelock, also is not clearly erroneous or contrary to law. Redman relies on *Koerschner v. Warden*, 508 F. Supp. 2d 849 (D. Nev. 2007). That was a habeas corpus action that described in detail the paging system at Lovelock as it existed seven years ago. Cases since then have distinguished *Koerschner*. *See Aytch v. Sablica*, No. 2:08-CV-01773-RLH, 2013 WL 1182667 (D. Nev. Mar. 20, 2013); *Aparicio v. McDaniel*, No. 3:07-CV-00427-LRH, 2012 WL 1079055 (D. Nev. Mar. 30, 2012). As stated in *Felix v. McDaniel*, *Koerschner* "discussed the level of adequacy of the paging system in place at a particular institution at a particular period of time based upon a record specific to that time and place." No. 3:09-cv-00483-LRH-WGC, 2012 WL 666742, at *5 (D. Nev. 2012).

Redman has not identified (1) any particular legal materials he has not been able to obtain through the current paging system, (2) any extended delays he has encountered in receiving requested materials, or (3) any pertinent deadlines he has missed because of the paging system. Redman has a single-issue claim and the law on deliberate indifference to medical needs is well established. He therefore should have little difficulty obtaining relevant legal materials. Consequently, I overrule Redman's objections to Judge Koppe's order denying appointment of counsel because that ruling was not clearly erroneous or contrary to law.

However, the dispositive motion deadline has passed, no motion to extend that deadline is pending, and the matter therefore is ready to proceed to settlement conference and, if necessary, to trial. Under these circumstances, I will refer the case to the court's Pilot Pro Bono Program to see if an attorney is willing to be appointed as Redman's counsel on a pro bono basis.

IT IS THEREFORE ORDERED that plaintiff John Redman's motion for reconsideration **(Dkt. #78) is DENIED**.

IT IS FURTHER ORDERED that this case is referred to the Pilot Pro Bono Program ("Program") adopted in General Order 2014-01 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for plaintiff John Redman. The scope of appointment shall be for all purposes through the

conclusion of trial. By referring this case to the Program, I am not expressing an opinion as to the merits of the case.

IT IS FURTHER ORDERED that the Clerk shall also forward this order to the Pro Bono Program Liaison.

IT IS FURTHER ORDERED that if pro bono counsel is appointed, the parties shall file a status report within 30 days after pro bono counsel is appointed.

IT IS FURTHER ORDERED that if pro bono counsel has not been appointed within 45 days from entry of this order, then the parties shall file a proposed joint pretrial order on or before October 15, 2015.

DATED this 3rd day of August, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE